**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ABC COMPANY, XYZ COMPANY, and NOAH DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>LAYERTWO LABS, INC., and JOHN DOE INVESTORS NOS. 1-99,<br><br>*Defendants*. | Case No. ________________________ |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY AND MOTION TO SEAL**

## TABLE OF CONTENTS

BACKGROUND ........ 1

LEGAL STANDARD ........ 2

I. Motion to Proceed Pseudonymously ........ 2

II. Motion to Seal ........ 3

ARGUMENT ........ 4

I. Plaintiffs' Motion to Proceed under Pseudonyms Should be Granted. ........ 4

II. Plaintiffs' Motion to Seal Should also be Granted. ........ 7

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

## Cases

*Citgo Petroleum Corp. v. Starstone Ins. SE*, No. 1:21-CV-389-GHW, 2023 WL 7497858 (S.D.N.Y. Nov. 9, 2023) .......... 4, 8

*Doe v. Barr*, 479 F. Supp. 3d 20 (S.D.N.Y. 2020) .......... 6

*Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2020 WL 13564635 (D. Conn. Sept. 15, 2020) .......... 3, 5, 6

*James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993) .......... 7

*Javier H. v. Garcia-Botello*, 211 F.R.D. 194 (W.D.N.Y. 2002) .......... 6

*Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020) .......... 4

*Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394 (S.D.N.Y. 2025) .......... 3, 8

*One Standard of Just., Inc. v. City of Bristol*, No. 3:22-CV-00863 (SVN), 2022 WL 17688053 (D. Conn. Dec. 9, 2022) .......... 3, 5

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) .......... 3

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) .......... 4

## Statutes

Fed R. Civ P. 10(a) .......... 2

Plaintiffs, Noah Doe, ABC Company, and XYZ Company (collectively "Plaintiffs"), respectfully submits their memorandum of law in support of their Motion to Proceed Pseudonymously and to Seal. For the reasons set forth below, supported by the Declarations of Joseph Sremack, Christian Ladner, and David D. Lin, the Court should grant Plaintiffs' motion.

## BACKGROUND

This is a civil action seeking damages and injunctive relief for Defendants' inequitable reassignment of eCash corresponding to Plaintiffs' property on the upcoming Bitcoin hardfork scheduled for August 23, 2026. Plaintiffs are the owners of, *inter alia*, a portfolio of Patoshi-pattern bitcoin wallet addresses (the "Subject Wallets") pursuant to Article 7-B of the New York Personal Property Law. In the Fall of 2024, Noah Doe developed criteria and methods (the "Algorithm") for identifying abandoned digital wallets. On March 11, 2026, Plaintiffs brought a formal quiet title proceedings naming all 39,069 wallet addresses as party-defendants. Plaintiffs' title is the subject of a pending quiet title action in the Supreme Court of the State of New York, County of New York, Index No. 153119/2026. In said case, for the reasons explained below, Plaintiffs moved for and were granted the right to proceed under pseudonyms.

This suit regards those wallets at issue in the New York State case and Defendants intended conduct towards them. Under Defendants' own publicly announced distribution design, every Bitcoin wallet address in existence will receive one ECX token for every Bitcoin held at the snapshot block height — a 1:1 proportional distribution to 100% of Bitcoin holders. Defendants have separately announced that they will "manually reassign" the ECX allocation attributable to approximately 30,000 Patoshi-pattern Bitcoin addresses — dormant addresses associated with Bitcoin's earliest mining activity — away from those addresses and to Defendants' own pre-launch investors and supporters. Plaintiffs now bring this suit to protect their property from Defendants' inequitable conduct.

There has been a rise in physical attacks and kidnappings related to and targeting holders of cryptocurrency. Declaration of Christian Ladner ("Ladner Decl.") ¶ 13. These crimes have included violence, threats, and prolonged captivity, including against family members of those publicly associated with cryptocurrency holdings. *Id.* at ¶¶ 13, 18. Reports from these attacks show that criminals use violence or the threat of violence to blackmail digital wallet holders into giving them their private keys in order to access their accounts. *Id.* at ¶ 18. Much of this violence is a result of the ability to remain anonymous when dealing with cryptocurrency, owing to the private nature of the keys associated with the digital wallets and lack of bank or identification approval needed to transfer the funds. *Id.* at ¶¶ 18 – 20. For instance, according to news reports in recent days, the kidnapper of Savannah Guthrie's mother has demanded payment of a ransom in Bitcoin. And further, in the last 24 months there have been dozens of news reports of people being kidnapped, assaulted, and or threatened in attempts to steal bitcoin. *Id.* at ¶¶ 18-23.

Plaintiffs are very concerned about their safety as well as the safety of their members and family members. Declaration of David D. Lin ("Lin Decl.") at ¶¶ 3-4. Plaintiffs and their members have children, brothers and sisters, nieces and nephews and close friends as well, whom Plaintiffs are terrified of putting at risk and greatly wish to protect. Innocent third parties in close proximity to the Plaintiffs have already been the subject of cyber attacks and ransom. Specifically, a firm that Plaintiffs hired to work on this project received threats regarding the digital wallets and payment demands of $1.5 million dollars. Declaration of Joseph Sremack ("Sremack Decl.") ¶¶ 11-14. It is owing to these concerns that Plaintiff brings the instant motion seeking to proceed anonymously.

## LEGAL STANDARD

### I. Motion to Proceed Pseudonymously

Generally, a complaint must state the names of all the parties. Fed R. Civ P. 10(a). "Courts have nevertheless carved out a limited number of exceptions to the general requirement of

disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (internal quotations omitted). Courts allow parties to proceed under a pseudonym in certain circumstances, such as for privacy and safety. *Id.* "The courts that have considered this issue have framed the relevant inquiry as a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *Sealed Plaintiff*, 537 F.3d at 189.

Factors to consider in weighing these interests include, among others, whether identification poses a risk of retaliatory physical or mental harm; whether the case involves matters that are highly sensitive; whether the defendant is prejudiced by allowing the plaintiffs to press their claims anonymously; whether the parties have been confidential thus far; whether identification presents other harms and the likely severity of those harms; and whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities. *Sealed Plaintiff*, 537 F.3d at189.

The factors listed are "'non-exhaustive,' and district courts 'should take into account other factors relevant to the particular case under consideration.'" *One Standard of Just., Inc. v. City of Bristol*, No. 3:22-CV-00863 (SVN), 2022 WL 17688053, at *2–3 (D. Conn. Dec. 9, 2022) (quoting *Sealed Plaintiff*, 537 F.3d at 189). "Further, no one factor is dispositive in determining whether the plaintiff should be permitted to proceed under a pseudonym." *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2020 WL 13564635, at *3 (D. Conn. Sept. 15, 2020) (internal quotations omitted).

## II. Motion to Seal

"Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 405 (S.D.N.Y. 2025) "First, the court determines

whether the record at issue is a judicial document—a document to which the presumption of public access attaches …Next, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. …Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal citations and quotations omitted). "Although the public's right is strong, it is not absolute." *Id*. Judicial documents are those "placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Citgo Petroleum Corp. v. Starstone Ins. SE*, No. 1:21-CV-389-GHW, 2023 WL 7497858, at *1 (S.D.N.Y. Nov. 9, 2023) (citing *Mirlis*, 952 F.3d at 59).

In evaluating the public's interests, court's consider what portions and how much of the documents are being sealed, and the public's interests are protected where the "sealing request focuses only on redactions of certain names and limited, targeted information in the documents that they seek to seal" because "the public will be able to read and understand each document even with the redacted information." *Citgo Petroleum Corp.* 2023 WL 7497858, at *2.

"Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis*, 952 F.3d at 61 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

## ARGUMENT

### I. Plaintiffs' Motion to Proceed under Pseudonyms Should be Granted.

Plaintiffs seek to proceed anonymously to protect their security and safety and those of their members and their families. There is significant danger currently in the cryptocurrency world, and Plaintiffs have very real concerns about their own safety and the safety of their family members. As discussed above, it is increasingly, and shockingly, more common for family

members and friends to be the target of violent attacks, kidnappings and ransom in this area. Plaintiffs and these third parties should not be put at risk here because Plaintiffs have decided to bring this case. *See Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2020 WL 13564635, at *4 (D. Conn. Sept. 15, 2020) ("Plaintiff has provided specific and concrete evidence supporting her argument that identification with her name would subject her to risk of future harm and factors two and three militate in favor of anonymity.").

Plaintiffs' identities have no bearing on their entitlement to the relief sought and whether their rights and expectations have been violated. Therefore, it is appropriate for Plaintiffs to remain anonymous. Further, Plaintiffs' request for anonymity is narrowly tailored in that it only seeks to keep Plaintiffs' identities confidential and, thus, has less impact on the public and their rights, as the record will not be sealed in its entirety.

Courts in this District have been amenable to permitting plaintiffs to proceed pseudonymously under similar circumstances. *See, e.g., Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2020 WL 13564635, at *6 (D. Conn. Sept. 15, 2020) ("The Court concludes that Plaintiff's risk of harm should her identity be revealed appears significant and substantially likely to occur. The risk of prejudice to Defendant appears minimal, particularly in light of the fact that Defendant knows Plaintiff's identity and has already conducted a thorough investigation into her alleged misconduct. Although there is a presumption in favor of identifying parties in litigation by name, that presumption is overcome by Plaintiff's substantial risk of physical and psychological harm were her identity revealed. For now, with the current balance of factors, Plaintiff will be permitted to denominate herself in pleadings as "Jane Doe.""); *One Standard of Just., Inc. v. City of Bristol*, No. 3:22-CV-00863 (SVN), 2022 WL 17688053, at *3 (D. Conn. Dec. 9, 2022) (concluding that "disclosure of Doe's identity . . . could create a risk of retaliation against him and

his family, including his young children. Accordingly, the second factor weighs in favor of allowing Plaintiff Doe to proceed anonymously."); *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) ("If his name and this information were made publicly available, it could place him in danger if he ever returns to Haiti. Moreover, Doe has thus far been proceeding under pseudonym. And in previous related litigation in this District, Judge Deborah Batts permitted Doe to proceed under pseudonym."); *Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 196 (W.D.N.Y. 2002) ("Plaintiffs' fears of injury are sufficient to warrant allowing them to proceed anonymously at this time.").

Additionally, the Defendants here suffer no disadvantage because any alleged prejudice caused by proceeding pseudonymously would be mitigated by the Plaintiffs providing their actual names under seal upon the granting of this Motion. *See Doe v. Wesleyan Univ.*, *supra*, at *4 ("Courts in the Second Circuit have found that defendants are not prejudiced by a plaintiff's anonymity when the defendant is aware of the plaintiff's identity."). Defendants will have a fair and full opportunity to conduct discovery and formulate their defenses free from any claimed prejudice without any need to publicly reveal the Plaintiffs' identities.

Plaintiffs also face a significant threat of financial harm and cyber crime if their identities are made public. This action involves sensitive information concerning the identity of the Plaintiffs as owners of certain Bitcoin addresses or wallets with significant holdings. Bitcoin operates upon a decentralized blockchain where each and every transaction is recorded, but those transactions are recorded pseudonymously, protecting the identities of the parties. On the blockchain, the parties to a transaction are only identified by their wallet addresses, a cryptographic pseudonym consisting of a unique alpha-numeric string, not their personal identities. Identity protection is an essential element of the success of cryptocurrency. Parties transact on the blockchain with the expectation that their identities will not be revealed. Just as the public has no legitimate interest in revealing

or obtaining the personal identity of parties transacting on the blockchain, the public has no legitimate expectation or interest in the Plaintiffs' identities as owners of certain Bitcoin wallets (and their pseudonymous addresses).

If the Plaintiffs' identities were not protected, they would almost certainly and immediately become the target of sophisticated financial and cyber attacks. Bad actors and cyber criminals regularly search publicly available information, like public court filings and social media, to ascertain the identities of parties who may have access to Bitcoin wallet addresses, seed phrases, passwords and the like. Ladner Decl. ¶¶ 14 – 15. This has not only resulted in targeted physical attacks and physical attacks on family members, but it has also resulted in more targeted and advanced financial scams and cyber crimes. As Joseph Sremack explained in his accompanying Declaration, a firm was targeted specifically for cyber ransom because of its relationship with the Plaintiffs. Sremack Decl. at ¶¶ 11-14.

Plaintiffs here are not seeking merely to avoid the "annoyance and criticism that may attend any litigation." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). They have a legitimate fear of retaliatory physical or mental harm, not just to themselves, but to their family members and associates. Legitimate concerns about the safety and security of the Plaintiffs, their families and affiliated parties must outweigh the public interest in scrutinizing judicial proceedings.

## II. Plaintiffs' Motion to Seal Should also be Granted.

The Motion to Seal should also be granted because it protects against the parties intentionally or inadvertently filing documents that potentially identify the Plaintiffs during the course of litigation. The Motion effectuates the goals of proceeding pseudonymously by continuing to safeguard against disclosure by subsequent filings. Without this continued protection, the Plaintiffs' ability to proceed pseudonymously rings hollow. For the same safety and security reasons that the Plaintiffs' identities needed to be protected at the time of initiating their

action as set forth above, there is a continuing need to protect their identities during the course of litigation.

Plaintiffs do not seek a blanket seal of the docket. The relief requested is narrowly tailored. Plaintiffs merely seek to seal and redact their identities, while the rest of the documents/filings will be publicly available. *See Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 405 (S.D.N.Y. 2025); Citgo Petroleum Corp. v. Starstone Ins. SE, No. 1:21-CV-389-GHW, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023).

Plaintiffs have legitimate security and safety concerns about the disclosure of their identities in relation to this case. For that reason, Plaintiffs have sought to proceed pseudonymously. To effectuate their ability to proceed pseudonymously, Plaintiffs must also be afforded reasonable protection beyond the Complaint and case caption. Should they need to file documents, like pleadings, exhibits and/or declarations, that reveal their identity, they should be permitted to do so under seal. Similarly, should the Defendants need to potentially file something that identifies the Plaintiffs, they should be required to do so under seal. Given that the order sought is narrowly tailored to protect the Plaintiffs' identities in light of their legitimate concerns for their safety and security, and the safety and security of their members, families and affiliated parties, this Motion should be granted. *See Citgo Petroleum Corp.*, 2023 WL 7497858, at *2 (granting motion to seal where "third-party witness declared that they have been threatened in the past and that they fear for their safety. That provides greater reason to permit redactions of identifying information, given that the risk of physical violence cannot be disregarded ... in the balance of interests.")(internal citations omitted).

**CONCLUSION**

For the foregoing reasons, the Court should grant this Motion permitting Plaintiffs to proceed pseudonymously, using the pseudonyms ABC Company, XYZ Company, and Noah Doe,

in both the caption and all filings and papers filed in this case. The Court should also grant the Motion to Seal documents that identify the Plaintiffs.

*Respectfully submitted*,

**THE PLAINTIFFS,**
**Noah Doe, ABC Company &**
**XYZ Company**

Dated August 19, 2026
New Haven, CT

BY: /s/ Sean R. Caruthers

Sean R. Caruthers (ct27606)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
E-Mail: scaruthers@npmlaw.com
Tel: (203) 821-2000
Fax: (203) 821-2008

David D. Lin (*pro hac vice* forthcoming)
LEWIS & LIN LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
David@ilawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326