**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ABC COMPANY, XYZ COMPANY, and NOAH DOE, *Plaintiffs*, v. | ) | 3:26-CV-1342 (KAD) |
| LAYERTWO LABS, INC., JOHN DOE INVESTORS NOS. 1-99, BLOCKCHAIN EMULATION SERVICES LTD, and PAUL SZTORC, *Defendants*. | ) | SEPTEMBER 17, 2026 |

**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF No. 3)**

Kari A. Dooley, United States District Judge:

Plaintiffs ABC Company, XYZ Company, and Noah Doe (collectively, "Plaintiffs") assert claims for unjust enrichment and conversion arising from their asserted ownership of a portfolio of allegedly abandoned Bitcoin wallet addresses ("Subject Addresses") and Defendants' alleged diversion and planned diversion of ECX cryptocurrency distributions attributable to those addresses. Am. Compl., ECF No. 40. In the simplest of terms, Defendant LayerTwo Labs, Inc. ("L2L") announced a planned hardfork from the Bitcoin blockchain which will create a new and distinct blockchain. Initially, L2L indicated that all Bitcoin wallet-holders would receive a new cryptocurrency, ECX, on the new blockchain at a one-to-one ratio of Bitcoin to ECX. However, L2L later announced that the portion of ECX which would have been attributable to some of the Subject Addresses using the one-to-one metric will instead be assigned to Defendants John Doe Investors Nos. 1-99 ("JDIs"). In their Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 3 [hereinafter "Mot"], Plaintiffs ask, *inter alia*, that the Court "restrain the ECX distribution allocable to the Subject Addresses" and require L2L and the JDIs "to place the

same in a court-supervised, three-party multi-signature escrow wallet."[1] For the reasons set forth below, Plaintiffs' motion for a preliminary injunction is **DENIED**.

**Legal Standard**

"Issuance of preliminary injunctive relief … is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)).

A preliminary injunction is generally a mechanism by which to maintain the status quo until the parties' dispute can be adjudicated. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a preliminary injunction, a moving party must, at minimum, demonstrate (1) that they would suffer "irreparable harm in the absence of the injunction" and (2) that there exists "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)).[2] "[A] district court has wide discretion in determining whether to grant a preliminary injunction." *See Moore*, 409 F.3d at 511.

---

[1] Plaintiffs further requested that the Court enter "a temporary restraining order and preliminary injunction directing Defendants to maintain the status quo and ordering [L2L] to halt or postpone the Alpha launch scheduled for August 23, 2026." Mot. On August 21, 2026, the Court denied the Motion as to Plaintiffs' request for a temporary restraining order. *See* Order Denying Emergency Motion for Temporary Restraining Order, ECF No. 21. Insofar as Plaintiffs' request for a preliminary injunction enjoining Defendants from proceeding with the Alpha launch remains pending, such a request is denied as moot.

[2] Defendants argue that Plaintiff is seeking a mandatory injunction and is therefore subject to a more exacting standard of proof. *See* Def. L2L's Mem. Law. Opp. Mot. 12, ECF No. 14 [hereinafter "Opp. Br."]. The Court need not decide this issue because, as discussed, Plaintiff fails to meet even the more lenient standard applicable to requests for prohibitory injunctive relief.

**Discussion**

A showing of "irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (quoting *Bell & Howell: Mamiya Co. v. Masel Co. Corp.*, 719 F.2d 42, 45 (2d Cir.1983)) (internal quotations modified). To establish irreparable harm, a moving party "must show that 'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X–Ray Labs., Inc. v. INS,* 523 F.2d 79, 81 (2d Cir. 1975)). The absence of irreparable harm is basis alone to deny preliminary injunctive relief. *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (citing *JSG Trading Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 80 (2d Cir. 1990); *Sierra Club v. Hennessy,* 695 F.2d 643, 647 (2d Cir. 1982)).

It is undisputed that, once made, blockchain distributions are irreversible. *See* Mem. Law Supp. Pls.' Mot. TRO & Prelim. Inj. 19–20, ECF No. 3-2 [hereinafter "Mot. Br."]; Opp. Br. 15. It follows that, should Defendants carry out the distribution process as planned, L2L will not be able to, as Plaintiffs put it, "'claw back' or otherwise undo those transactions." *See* Mot. Br. 20. However, the question in determining whether harm is irreparable is not whether the act causing the injury is irreversible, but whether the injury, once suffered, can be adequately remedied. Plaintiffs have not shown that the harm alleged here could not be remedied with an award of monetary damages. Indeed, Plaintiffs' requests for "compensatory damages for any ECX allocation that has been distributed to third parties … in an amount to be proven at trial" contemplates that any harm could be adequately quantified and cured by such an award. *See* Am. Compl. 20. And even if, as posited by Plaintiffs, ECX is difficult to value before the anticipated

hardfork, and even if the market value of ECX has not yet been identified, at some point, the value of ECX will be quantifiable. And if Plaintiffs ultimately succeed in establishing not only their ownership of the Subject Addresses but also their entitlement to ECX as a result of the anticipated hardfork, both of which are strongly disputed, they can be made whole with money damages. Plaintiff's arguments to the contrary are unpersuasive.

The Court similarly finds Plaintiffs have failed to establish they are likely to succeed on the merits of their claims. To establish a claim for conversion a plaintiff must "demonstrate that (1) the material at issue belonged to the plaintiff, (2) that [the defendant] deprived the plaintiff of that material for an indefinite period of time, (3) that [the defendant's] conduct was unauthorized and (4) that [the defendant's] conduct harmed the plaintiff." *Coster v. DuQuette*, 119 Conn. App. 827, 832 (2010) (quoting *News America Marketing In–Store, Inc. v. Marquis,* 86 Conn. App. 527, 545, *aff'd*, 276 Conn. 310 (2005)). The Connecticut Supreme Court has repeatedly held "[a]n action for conversion of funds may not be maintained to satisfy a mere obligation to pay … It must be shown that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use." *Deming v. Nationwide Mut. Ins. Co.*, 279 Conn. 745, 772 (2006) (quoting *Macomber v. Travelers Property & Casualty Corp.,* 261 Conn. 620, 650 (2002)). Thus, a conversion claim fails where the plaintiff does not prove "they owned or were ever in possession of the [currency] that, they contend[], is currently in the defendants' possession." *Macomber*, 261 Conn. at 651. Whether or not Plaintiffs own the Subject Addresses, an issue being litigated in New York and on which this Court does not opine, Plaintiffs have not sufficiently established that they have a commensurate ownership interest in any ECX tokens or ECX as a result of the anticipated hardfork. Accordingly, they have not sustained their burden to demonstrate they are likely to succeed on the merits of their conversion claim. For the same

reason, Plaintiffs' have not sufficiently established a likelihood of success on the merits of their unjust enrichment claim, which also requires Plaintiff to establish an ownership interest in ECX tokens or ECX.

**Conclusion**

Accordingly, Plaintiffs' request for a preliminary injunction, as set forth in their Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion"), ECF No. 3, is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of September, 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE